IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00068-MR

| | |
|---|---|
| EDWARD WOODIE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| GARY MCFADDEN, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on its March 31, 2022 Order [Doc. 37] and on initial review of the Complaint [Doc. 1]. The Plaintiffs are proceeding in forma pauperis. [Docs. 24-28].

**I.  BACKGROUND**

Plaintiffs Edward Woodie, Joseph Soldano, Kenji Lyon Henderson, Michael Wayne Adams, Jr., and Joshua J. Peterson[1] filed this civil rights action pursuant to 42 U.S.C. § 1983, for violations of the Eighth Amendment with regards to COVID-19 exposure at the Mecklenburg County Jail ("MCJ"). [Doc. 1 at 3]. The Complaint names the following individuals and entities as

---

[1] Plaintiffs Adams and Soldano have been dismissed from this action for lack of prosecution. [Doc. 36].

Defendants in their official capacities: Gary McFadden, the Mecklenburg County Sheriff; Wellpath Medical Services, MCJ's contracted health service provider; and Carl Cooper and Bennie Jones, mental health physicians with Wellpath Medical Services. [Id. at 1-3].

The Plaintiffs allege that, between October 2020 and January, 2021, Defendants Jones and Cooper, "under the advisory of Wellpath Medical Services" and "under the authority of … Sheriff McFadden, did knowingly and willfully move prisoners between corona [sic] infected housing units to non-infected housing units for non-disciplinary and non-medically essential purposes, during a statewide controlled movement restriction, due to record COVID-19 infection rates, inside and outside of the Mecklenburg County Central Jail, exposing non-infected prisoners to infected prisoners." [Id. at 14]. The Plaintiffs appear to allege that Wellpath was deliberately indifferent in its handling of COVID-19 in that it did not follow MCJ's standard operating procedures (SOPs) and "downplay[ed] the true level of degree in the COVID-19 outbreak" inside of MCJ, which placed the inmates' and staff's lives in danger. [Id. at 17-18]. As injury, the Plaintiffs allege that "[a]ll residents, inside the BHU, and entire central facility have suffered symptoms of COVID-19, as well as the long term after effects of the virus. However, only the most serious cases, such as Mr. Edward Woodie, are documented and treated."

[Id. at 5]. The Plaintiffs seek injunctive relief regarding the handling of COVID-19 at the MCJ, an investigation of Wellpath's COVID-19 practices, the appointment of counsel, and any other relief that the Court deems just and proper. [Id. at 19].

On March 31, 2022, the Court ordered Plaintiffs Woodie, Henderson, and Peterson to show cause, within 10 days, why they should not be dismissed from this action for lack of prosecution because it appeared that they no longer resided at MCJ, and had failed to update their addresses of record with the Court. [Doc. 37]. Plaintiff Henderson filed a Notice updating the Court with his new address and expressing his intention to proceed with this action. [Doc. 38]. The copies of the Order addressed to Plaintiffs Woodie and Peterson were returned as undeliverable. [See Docs. 40, 41]. Those Plaintiffs have not responded to the Court's March 31 Order, and the time to do so has expired.

## II. STANDARD OF REVIEW

Because the Plaintiffs are proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C.

§ 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

As a preliminary matter, Plaintiffs Woodie and Peterson appear to have abandoned this action, and the Court is unable to proceed as to them. This case will therefore be dismissed without prejudice as to Plaintiffs Woodie and Peterson. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court

has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

The Court will now review the Complaint for frivolity as to the sole remaining Plaintiff, Kenji Lyon Henderson (the "Plaintiff").

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Complaint refers to individuals other than the Plaintiff who have allegedly been placed at risk of harm due to the Defendants' actions. However, the Plaintiff's status as a pro se prisoner precludes him from making claims on behalf of others. See Hummer v. Dalton, 657 F.2d 621, 635-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, to the extent that the Plaintiff attempts to assert claims on behalf of others, those claims are dismissed.

The Plaintiff purports to sue MCJ's medical services provider, Wellpath, as well as Sheriff McFadden and two mental health physicians in their official capacities. Suits against sheriffs and sheriff's office employees

5

in their official capacities are in substance claims against the office of the sheriff itself. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) ("an official capacity suit is, in all respects other than name, to be treated as a suit against the entity."); Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). To succeed on such a claim, a plaintiff must allege that a Sheriff's Office policy or custom resulted in the violation of federal law. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20 (1985) (discussing same). The Monell standard also applies to private entities like Wellpath. See Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999).

The Plaintiff has failed to adequately allege that a policy or custom of Sheriff McFadden or Wellpath injured him. His vague allusions to a "pattern of willful disregard for the health and safety of prisoners," and the failure to adhere to the SOPs regarding the handling of COVID-19, are insufficient. [Doc. 1 at 17-18]. His apparent reliance on respondeat superior fails to support a § 1983 claim. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (to establish liability under § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation); Monell, 436

6

U.S. at 691 ("a municipality cannot be held liable under § 1983 on a respondeat superior theory"); see, e.g., Hill v. Palmer, No. 1:18-cv-293-FDW, 2019 WL 956816, at *6 (W.D.N.C. Feb. 27, 2019) (dismissing on initial review claims against Southern Health Partners, on a theory of respondeat superior, where plaintiff failed to identify any policy or custom and thus failed to state a claim under § 1983).

The Complaint would be insufficient to proceed even if the Plaintiff had named the Defendants in their individual capacities. The Eighth Amendment[2] protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Extreme deprivations are required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). A plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a

---

[2] Because Plaintiff Henderson claims to have been a pre-trial detainee at the relevant times, his claims are properly brought under the Fourteenth Amendment rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims about medical care and conditions of confinement. See Moss v. Harwood, 19 F.4th 614, 624 n.4 (4th Cir. 2021) (noting that, although the Supreme Court held in Kingsley v. Henderson, 576 U.S. 389 (2015) that an objective reasonableness standard applies to pretrial detainees' claims of excessive force, neither the Supreme Court nor the Fourth Circuit has extended Kingsley beyond the excessive force context).

substantial risk of serious harm.  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions."  Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

The Plaintiff expresses his general dissatisfaction with conditions at MCJ during the COVID-19 pandemic.  However, he has failed to plausibly allege that any of the conditions that he has identified are sufficiently serious, or that the Defendants have acted with deliberate indifference.  The Plaintiff's allegations that the Defendants failed to adhere to the SOPs or other policies during the pandemic do not, by themselves, state a § 1983 claim.  Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation").  The Plaintiff's allegations that the Defendants failed to provide the most optimal possible conditions during the COVID-19 pandemic, or that he would have preferred different protocols, are insufficient. See Reinhardt v. Hogan, No. DCK-20-1011, 2021 WL 82894, at *6 (D. Md. Jan. 11, 2021) ("the Eighth Amendment is not violated when every conceivable protective measure is put into place to prevent the spread of a contagious disease and there are isolated lapses in implementation that

8

cause no injuries."); see generally Daniels v. Williams, 474 U.S. 327, 328 (1986) (claims of negligence are the province of state law and do not support a constitutional claim). Further, the Plaintiff has not sufficiently alleged that the Defendants caused him any serious or significant physical or emotional injury. The general allegations that "all residents" of MCJ facility had COVID-19 symptoms are too speculative and conclusory to state a claim. [Doc. 1 at 5]; see Strickler, 989 F.2d at 1380 and n.4 (there must be evidence of a "serious medical or emotional deterioration" that is attributable to the challenged condition; general allegations of mental stress are insufficient). The Plaintiff has failed to allege any facts stating a plausible claim that the Defendants were deliberately indifferent to a serious risk of harm. Therefore, this claim will be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

Further, the Plaintiff seeks relief that is unavailable in this § 1983 action. He has no right to an investigation of MCJ or Wellpath. See generally DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.")); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir.

9

Case 3:21-cv-00068-MR   Document 42   Filed 04/25/22   Page 9 of 12

2002) (arrestee had no constitutional right to internal investigation of excessive force claim). Moreover, as the Plaintiff is no longer incarcerated at MCJ [Doc. 38],[3] his request for injunctive relief is moot insofar as the conditions of which he complains are unlikely to recur. Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) (inmate's transfer may render an action moot).

Finally, the Plaintiff requests the appointment of counsel. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel, and his request for such will be denied.

---

[3] To the extent that the Plaintiff attempts to assert new allegations in his Notice of Change of Address, such is improper and those allegations will be disregarded. [See Doc. 3 at 2] ("A change of address … must not include any motions or information except for the new address and the effective date of the change."); Fed. R. Civ. P. 15 (addressing amendments).

## IV. CONCLUSION

In sum, Plaintiffs Woodie and Peterson are dismissed from this action for lack of prosecution, and the Complaint is dismissed on initial review as frivolous and for failure to state a claim upon which relief can be granted.

The Court will allow Plaintiff Henderson thirty (30) days to amend the Complaint, if he so chooses, to correct its deficiencies and properly state a claim upon which relief can be granted. Should Plaintiff Henderson fail to timely amend the Complaint, this action will be dismissed without prejudice and without further notice.

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs Edward Woodie and Joshua J. Peterson are **DISMISSED WITHOUT PREJUDICE** from this action for lack of prosecution. The Clerk of Court is directed to terminate Edward Woodie and Joshua J. Peterson as Plaintiffs.

2. The Complaint is **DISMISSED WITHOUT PREJUDICE** as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A.

3.  Plaintiff Henderson shall have **thirty (30) days** in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff Henderson fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice.

**IT IS SO ORDERED.**

Signed: April 23, 2022

Martin Reidinger
Chief United States District Judge